UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN DOE,

    Plaintiff,

v.                                                                                      Case No. 2:26-cv-02472-MAK

THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,

    Defendants.

_____/

**PLAINTIFF'S EMERGENCY MOTION FOR STAY PENDING APPEAL**

Plaintiff John Doe, proceeding pro se, respectfully moves this Court to stay its Order dated May 27, 2026 (ECF No. 12) directing the unsealing of Plaintiff's contact and identifying information, pending the final resolution of Plaintiff's concurrently filed appeal to the United States Court of Appeals for the Third Circuit. In support thereof, Plaintiff states as follows:

1. On May 27, 2026, this Court entered an Order (ECF No. 12) directing the Clerk of Court to lift the seal on Plaintiff's unredacted notice of contact information on June 10, 2026. Concurrently herewith, Plaintiff has filed a formal Notice of Appeal to review the legal validity of that disclosure directive under the Collateral Order Doctrine.

2. In determining whether to grant a stay pending appeal, courts evaluate four standard factors:

1

(a) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(b) whether the applicant will be irreparably injured absent a stay;

(c) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

(d) where the public interest lies. Nken v. Holder, 556 U.S. 418, 434 (2009).

3. Irreparable Harm: Absent an immediate stay, Plaintiff will suffer severe, irreversible injury. If Plaintiff is forced to allow his true identity to be exposed on the public docket on June 10, the confidentiality right he seeks to protect on appeal will be permanently and completely extinguished. Once confidential identity information is exposed to the public internet, it cannot be "un-exposed," effectively rendering Plaintiff's right to appellate review meaningless and mooting the appeal before the Third Circuit can review it.

4. Likelihood of Success: Plaintiff's appeal presents a substantial, deeply rooted legal question regarding the proper balance between litigant privacy and public access in sensitive civil rights matters involving pro se litigants. Because the threat of harm to Plaintiff's ongoing personal and professional privacy is absolute and fatal to the core purpose of the confidentiality request, he needs only to demonstrate a substantial case on the merits to satisfy this prong.

5. Balance of Hardships and Public Interest: A temporary administrative stay inflicts zero operational prejudice upon Defendants. This litigation is in its absolute infancy, and a brief

2

pause on the operational unsealing directive will not degrade evidence, delay substantive answers, or stall discovery. Furthermore, the public interest heavily favors preserving an individual's right to seek meaningful appellate review before an irreversible forfeiture of privacy occurs.

WHEREFORE, Plaintiff respectfully requests that this Court grant this Emergency Motion and stay the enforcement of its May 27, 2026 Order (ECF No. 12) pending the final disposition of Plaintiff's appeal before the United States Court of Appeals for the Third Circuit.

Dated: June 1, 2026

Respectfully submitted,

John Doe

/s/ John Doe

John Doe, Pro Se Plaintiff

P.O. Box 151133

Los Angeles, CA 90015

Tel: (502) 286-3652

Email: johndoediscriminationsuit@gmail.com

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN DOE,

    Plaintiff,

v.                                    Case No. 2:26-cv-02472-MAK

THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,

    Defendants.

_____/

## PLAINTIFF'S NOTICE OF APPEAL

Notice is hereby given that Plaintiff John Doe, proceeding pro se, appeals to the United States Court of Appeals for the Third Circuit from the District Court's Order dated May 27, 2026, which granted in part and denied in part Plaintiff's procedural motions and directed the unsealing of Plaintiff's identifying information (ECF No. 12).

1

This interlocutory appeal is properly taken as a matter of right pursuant to 28 U.S.C. § 1291

and the Collateral Order Doctrine. See Cohen v. Beneficial Industrial Loan Corp., 337 U.S.

541 (1949); see also Doe v. Village of Downers Grove, 834 F.3d 451 (3d Cir. 2016)

(recognizing orders denying pseudonym status as immediately appealable collateral

orders).


Dated: June 1, 2026


Respectfully submitted,

*John Doe*

/s/ John Doe

John Doe, Pro Se Plaintiff

P.O. Box 151133

Los Angeles, CA 90015

Email: johndoediscriminationsuit@gmail.com

2

**CERTIFIED MAIL**

7022 2410 0002 2331 0755

Retail

U.S. POSTAGE PAID
FCM LG ENV
LADYSMITH, WI 54848
JUN 01, 2026

19106    **$7.47**

RDC 99    R2304W119574-21

**FROM:**

325 W Adams Blvd #302g
Los Angeles CA
90007

**TO:**

Clerk of Court
U.S. District Court, Eastern Distr. of Pennsylvania
James A Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA
19106

U.S. RECEIVED
JUN 09 2026
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**Utility Mailer
10 1/2" x 16"**

**Ready Post.**