**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

JOHN DOE,
Plaintiff,

v.

THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,
Defendant.

Case No.: 2:26-cv-02472-MAK

**PLAINTIFF'S RENEWED MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND FOR AN INDICATIVE RULING PURSUANT TO FED. R. CIV. P. 62.1**

Plaintiff, proceeding pro se, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 62.1, for (1) leave to renew his motion to proceed under pseudonym in light of materially changed circumstances arising since the Court's May 27, 2026 Memorandum and Order (ECF Nos. 11, 12), and (2) an indicative ruling on that renewed motion, because the pseudonymity question presently remains before the United States Court of Appeals for the Third Circuit in Appeal No. 26-2507. The grounds for this Motion are set forth fully in the accompanying Memorandum of Law and are summarized as follows:

1. On May 27, 2026, this Court denied Plaintiff's motion to proceed under pseudonym, finding, among other things, that the harms Plaintiff feared from disclosure were “non-specific, implausible and speculative.” (ECF No. 11 at 11.) Plaintiff timely appealed that ruling. (ECF No. 17.) On June 12, 2026, the Court stayed the Clerk's obligation to disclose Plaintiff's identity pending that appeal, while directing the case to otherwise proceed. (ECF No. 16.)

2. On August 3, 2026, Plaintiff filed his opening brief in the Third Circuit, which represented to that Court that Plaintiff would file, in this Court, a renewed motion for leave to proceed under pseudonym supported by materially changed circumstances. This Motion fulfills that representation.

3. Since the Court's May 27, 2026 ruling, and while Plaintiff has remained pseudonymous, this litigation and Plaintiff's related litigation against other universities have become the subject of extensive public commentary, including discussion reproducing and referencing reporting on this litigation by an internationally circulated news outlet. Attached as Exhibit A is a true and correct copy of a public discussion thread concerning Plaintiff's related litigation, authenticated by the accompanying Declaration of John Doe. This material demonstrates that the harms this Court found speculative in May are, in fact, actively materializing notwithstanding Plaintiff's continued anonymity.

4. As explained more fully in the accompanying Memorandum of Law, this development bears directly on this Court's prior findings and on the balancing analysis required by Doe v. Megless, 654 F.3d 404 (3d Cir. 2011), and warrants renewed consideration of Plaintiff's request for pseudonymity, including, at minimum, provisional pseudonymity during the pretrial stage of this litigation.

5. Because the underlying pseudonymity ruling is presently on appeal, this Court's authority to grant relief on this Motion outright may be limited. Federal Rule of Civil Procedure 62.1 provides the appropriate mechanism: the Court may (a) defer consideration of the Motion; (b) deny the Motion; or (c) state that it would grant the Motion if the Third Circuit remands for that purpose. Plaintiff respectfully requests the Court's indication under Rule 62.1(a)(3). Should the

Court so indicate, Plaintiff will promptly notify the Third Circuit pursuant to Federal Rule of Appellate Procedure 12.1, which authorizes that Court to remand on a limited basis while retaining jurisdiction over the balance of the appeal.

6. Plaintiff respectfully requests that, whatever course the Court adopts, the existing protection of Plaintiff's identity under the Court's June 12, 2026 Order (ECF No. 16) continue undisturbed while this Motion is pending, so that the question presented is not rendered moot by disclosure before it can be decided.

7. Position of Defendant: Plaintiff, proceeding pro se, contacted counsel for Defendant by electronic mail on August 21, 2026 to request Defendant's position on the relief sought in this Motion. By email dated August 22, 2026, counsel for Defendant, James A. Keller, Esq., responded that "Defendant does not consent." Defendant accordingly opposes the relief requested herein.

WHEREFORE, Plaintiff respectfully requests that the Court:

(a) GRANT Plaintiff leave to renew his motion for leave to proceed under pseudonym;

(b) Pursuant to Fed. R. Civ. P. 62.1(a)(3), INDICATE that the Court would grant Plaintiff's renewed motion for leave to proceed under pseudonym, at least provisionally during pretrial proceedings, if the Third Circuit were to remand this matter for that purpose, or, in the alternative, DEFER consideration of this Motion pending resolution of Appeal No. 26-2507;

(c) ORDER that the protection of Plaintiff's identity under the Court's June 12, 2026 Order (ECF No. 16) shall continue pending resolution of this Motion and any related proceedings in the Third Circuit; and

(d) GRANT such other and further relief as the Court deems just and proper.

Dated: August 23, 2026

Respectfully submitted,

/s/ John Doe

John Doe, Plaintiff pro se

PO Box 151133

Los Angeles, CA 90015

johndoediscriminationsuit@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2026, I caused a true and correct copy of the foregoing Motion, the accompanying Memorandum of Law, Declaration, and Exhibit A, to be served upon counsel of record for Defendant by electronic mail, addressed as follows: James A. Keller, Esq. (James.Keller@saul.com) and Jesse L. Krohn, Esq. (Jesse.Krohn@saul.com), Saul Ewing LLP, 1735 Market Street, Suite 3400, Philadelphia, PA 19103, counsel for Defendant The Trustees of the University of Pennsylvania.

/s/ John Doe

John Doe, Plaintiff pro se