**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

JOHN DOE,
Plaintiff,

v.

THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,
Defendant.

Case No.: 2:26-cv-02472-MAK

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND FOR AN INDICATIVE RULING PURSUANT TO FED. R. CIV. P. 62.1

## TABLE OF CONTENTS

**INTRODUCTION** .......... 2
**PROCEDURAL HISTORY** .......... 2
**LEGAL STANDARD** .......... 3
**ARGUMENT** .......... 4
I. THE HARMS THIS COURT FOUND SPECULATIVE ARE MATERIALIZING.......... 4
II. THE MATERIALIZED REACTION CONFIRMS A SEVERITY OF STIGMA THAT MEGLESS TREATS AS SUFFICIENT. .......... 5
III. DISCLOSURE WOULD INFLICT THE VERY INJURY THIS LITIGATION SEEKS TO REDRESS.......... 6
IV. AT MINIMUM, PROVISIONAL PSEUDONYMITY REMAINS WARRANTED AT THIS EARLY STAGE. .......... 7
V. DEFENDANT WOULD SUFFER NO COGNIZABLE PREJUDICE.......... 7
VI. THIS MOTION IS PROPERLY BROUGHT UNDER RULE 62.1. .......... 8
**CONCLUSION** .......... 8

**INTRODUCTION**

This Court denied Plaintiff pseudonymity on the ground that his feared harms were "non-specific, implausible and speculative." (ECF No. 11 at 11.) In the months since, and while Plaintiff has remained pseudonymous, that finding has been overtaken by events. Plaintiff's litigation has drawn substantial public attention, generating precisely the public branding and reaction Plaintiff predicted—even though the public does not yet know his name. Exhibit A, appended hereto and authenticated by the accompanying Declaration, documents that reaction directly.

This development does not ask the Court to revisit the wisdom of its prior ruling on the record then before it. It asks the Court to recognize that the central factual premise of that ruling—speculativeness—no longer describes the record as it now stands, and that the Megless balancing analysis should be performed afresh in light of it. Because the pseudonymity question is presently on appeal, Plaintiff brings this request under Federal Rule of Civil Procedure 62.1, which exists for exactly this circumstance: a motion raising matter the district court lacks full authority to grant while an appeal is pending, but which the district court may indicate it would grant if the case were remanded.

**PROCEDURAL HISTORY**

Plaintiff filed this action on April 16, 2026, together with a motion for leave to proceed under pseudonym. (ECF Nos. 1, 2.) On April 20, 2026, the Court directed Plaintiff to show cause why the seal on his contact information should not be lifted. (ECF No. 8.) Plaintiff responded, after receiving leave to do so out of time, with a memorandum addressing the Megless factors. (ECF No. 10-1.) On May 27, 2026, the Court denied pseudonymity, finding Plaintiff's claimed

economic and reputational harms insufficient under Megless and his safety concerns speculative. (ECF No. 11.) The Court directed the Clerk to unseal Plaintiff's identity and amend the caption. (ECF No. 12.)

Plaintiff timely noticed an appeal on June 9, 2026 (ECF No. 17), and this Court thereafter stayed the Clerk's disclosure obligation pending that appeal while directing the case to otherwise proceed, including service of the summons and Complaint. (ECF No. 16.) Defendant has since appeared and moved to dismiss, or in the alternative to strike, the Complaint. (ECF No. 20.) By Order dated August 14, 2026, the Court extended Plaintiff's deadline to respond to that motion to August 24, 2026, and set August 31, 2026 as the deadline for any amended pleading. (ECF No. 23.)

Plaintiff's opening brief in the Third Circuit, filed August 3, 2026, argued, among other things, that this Court's speculativeness finding should be reconsidered in light of intervening developments, and represented that Plaintiff would seek that reconsideration in this Court. This Motion is that request.

**LEGAL STANDARD**

Under Doe v. Megless, 654 F.3d 404 (3d Cir. 2011), a litigant seeking pseudonymity must show a “reasonable fear of severe harm,” after which the Court balances that interest against the public's interest in open proceedings through a non-exhaustive set of factors. Id. at 408–410. The inquiry is comparative, not categorical: “the public's interest in open judicial proceedings always runs counter to a litigant's interest in anonymity—the question is whether the interest in anonymity outweighs the public's interest.” Doe v. College of New Jersey, 997 F.3d 489, 496 (3d Cir. 2021).

A district court in this Circuit applied that framework, on closely comparable facts, only months ago. In Landau v. Corporation of Haverford College, No. 24-2044, slip op. at 4, 7 (E.D. Pa. Dec. 13, 2024) (ECF No. 29), the court granted pseudonymity, in part, to college students whose feared harms—social ostracism for their beliefs, academic penalty, and a documented incident of confrontational, physically intimidating campus protest—fell outside the traditionally enumerated categories. The court proceeded by "identifying the harm that Plaintiffs fear" and evaluating "whether it is sufficiently severe" with those harms "aggregated," rather than testing them against a fixed list of qualifying subjects. Id. at 4. While the court recognized that "purely social and reputational harms, without more," do not alone establish severe harm, it held that such harms, aggregated with a credible, corroborated showing of intimidation, narrowly established a reasonable fear of severe harm given "the volatility of the Israeli-Palestinian conflict on campuses nationwide." Id. at 4, 7. The court described the resulting balance as "extremely close." Id.

Separately, Federal Rule of Civil Procedure 62.1 addresses the procedural posture presented here. Where a timely motion is filed in the district court but the court lacks authority to grant it because an appeal has been docketed, Rule 62.1(a) permits the district court to "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." If the district court so indicates, Federal Rule of Appellate Procedure 12.1 permits the court of appeals to remand for that limited purpose while retaining jurisdiction over the remainder of the appeal.

## ARGUMENT

I. THE HARMS THIS COURT FOUND SPECULATIVE ARE MATERIALIZING.

The Court's central finding was that Plaintiff's feared harms lacked “corroboration” and rose only to “mere speculation.” That finding was necessarily based on the record as it existed in May 2026. The record has since grown.

Exhibit A is a public discussion thread concerning Plaintiff's related litigation against Dartmouth College, posted to a forum with substantial readership and generating, as of the date of capture, 423 upvotes and 122 comments. The thread itself reproduces and discusses reporting on this litigation originally published by The Jerusalem Post, an internationally circulated news outlet. This material was generated, and remains publicly accessible, notwithstanding that Plaintiff's identity has never been publicly disclosed.

This record accordingly answers, rather than merely repeats, the question the Court confronted in May: is the risk of severe public reaction to this litigation speculative, or real? Plaintiff's identity has not been disclosed, and the reaction reflected in Exhibit A has occurred anyway, reaching hundreds of participants directly and, through the reporting it reproduces, a wider public audience. Whatever conclusion follows from that fact, it is not a conclusion the Court had the opportunity to draw on the record before it in May, and it is a conclusion probative of exactly the finding the Court made.

## II. THE MATERIALIZED REACTION CONFIRMS A SEVERITY OF STIGMA THAT MEGLESS TREATS AS SUFFICIENT.

Courts recognize that pseudonymity is warranted where litigation reveals positions that invite “opprobrium analogous to the infamy associated with criminal behavior.” Doe v. Stegall, 653 F.2d 180, 185 (5th Cir. Unit A 1981). That is precisely the character of the reaction reflected in Exhibit A: public characterization of the litigation and its proponent in terms of the most severe

social condemnation available in contemporary discourse. This is not the ordinary embarrassment Megless holds insufficient; it is the kind of severe, case-specific public reaction Stegall recognized as qualitatively different.

The closest factual analog in the reported case law reaches the same conclusion. In Doe #1 v. Syracuse University, No. 5:18-cv-0496, 2018 WL 7079489 (N.D.N.Y. Sept. 10, 2018), report and recommendation adopted, No. 5:18-cv-0496 (BKS/ML) (N.D.N.Y. Apr. 28, 2020), students publicly associated with expression characterized as racist and antisemitic were permitted to proceed pseudonymously over the university's opposition, the court finding a risk of retaliatory harm and highly sensitive circumstances. The reaction documented here is materially indistinguishable in kind.

III. DISCLOSURE WOULD INFLICT THE VERY INJURY THIS LITIGATION SEEKS TO REDRESS.

Pseudonymity is warranted in “exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or *where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.*” Femedeer v. Haun, 227 F.3d 1244, 1246 (10th Cir. 2000) (emphasis added); accord Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992). That is this case. Plaintiff's Complaint seeks redress for professional and educational exclusion. Exhibit A demonstrates that public identification in connection with this litigation itself now carries a serious risk of the same category of professional exclusion—the precise injury the Complaint asks this Court to remedy. A plaintiff should not be required to sustain the injury he sues to redress as the admission price of the suit. See Doe 1 v. E. N.M. Univ. Bd. of Regents, No. 23-cv-0362-GBW-JHR, 2024 WL 36060, at *4 (D.N.M. Jan. 3, 2024) (granting

pseudonymity because "[p]ublicly revealing Plaintiffs' identities would facilitate the same injuries for which they are suing").

## IV. AT MINIMUM, PROVISIONAL PSEUDONYMITY REMAINS WARRANTED AT THIS EARLY STAGE.

The pseudonymity balance is not static; it may be reassessed as litigation progresses. Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1069 (9th Cir. 2000). Courts accordingly grant pseudonymity for pretrial proceedings while reserving the question for trial, when the public interest carries its fullest weight. Williams v. New Mexico State University, No. 2:23-cv-01059-GBW-KRS, slip op. at 19–20 & n.15 (D.N.M. Mar. 24, 2025) (Doc. 127); ENMU Regents, 2024 WL 36060, at *1, *4 (granting leave to proceed under pseudonym "in pretrial proceedings").

This case remains at the earliest pretrial stage: Defendant has only recently appeared, no discovery has occurred, and any amended pleading is not due until August 31, 2026. The public-interest considerations that carry the greatest weight at trial—assessing witness credibility before a factfinder—have no present application, while disclosure now would be immediate and irreversible. At minimum, the Court should indicate it would grant provisional pseudonymity during pretrial proceedings, subject to reevaluation as the case progresses.

## V. DEFENDANT WOULD SUFFER NO COGNIZABLE PREJUDICE.

Defendant has known Plaintiff's identity since the outset of this litigation through the sealed Notice of Contact Information (ECF No. 7), and Plaintiff has committed to disclosure to defense counsel for all purposes of discovery and litigation. Every substantive filing in this action remains fully public. Courts confronting this configuration have found the burden on defendants and the public alike to be modest. Williams, slip op. at 17–19 (pseudonymity "would impose

only a relatively modest burden" where "all filings remain open to public inspection, and the public is only denied access to the [plaintiffs'] identities").

VI. THIS MOTION IS PROPERLY BROUGHT UNDER RULE 62.1.

Because the pseudonymity ruling is presently on appeal, this Court's jurisdiction to grant relief outright is uncertain. Rule 62.1 supplies the appropriate vehicle: Plaintiff asks the Court to indicate whether it would grant this Motion, at least provisionally, were the Third Circuit to remand for that purpose. Should the Court so indicate, Plaintiff will promptly file a motion in the Third Circuit under Federal Rule of Appellate Procedure 12.1 seeking a limited remand, which that Court may grant while retaining jurisdiction over the balance of the appeal. This procedure resolves the pseudonymity question on the current record without requiring Plaintiff to abandon, or the Third Circuit to dismiss, the pending appeal.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court indicate, pursuant to Fed. R. Civ. P. 62.1(a)(3), that it would grant Plaintiff's renewed motion for leave to proceed under pseudonym—at least provisionally during pretrial proceedings—if the Third Circuit were to remand this matter for that purpose, and that the Court order the existing protection of Plaintiff's identity to continue pending resolution of this Motion and any related appellate proceedings.