**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

JOHN DOE,
Plaintiff,

v.

THE TRUSTEES OF THE UNIVERSITY
OF PENNSYLVANIA,

Defendant.

Case No. 2:26-cv-02472-MAK

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

## INTRODUCTION

Defendant's Motion contests a single element. Penn does not dispute that Plaintiff applied to the Wharton MBA program, that he was qualified, that his application was denied, or that Penn receives federal financial assistance. It argues only that the First Amended Complaint ("Amended Complaint") pleads no facts from which discriminatory intent may be inferred.

That argument depends on a method. Penn addresses the Amended Complaint's allegations one at a time and concludes, as to each, that the allegation standing alone establishes nothing. That is not the question Rule 8 poses. To satisfy Rule 8, a complaint must contain factual allegations that, taken as a whole, render the plaintiff's entitlement to relief plausible. *West Penn Allegheny Health Sys. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010) (citing *Twombly*, 550 U.S. at 556, 569 n.14).

Penn also asks this Court to dismiss with prejudice, and devotes a single paragraph to that request. The authority Penn cites requires the opposite. A district court must permit a curative

amendment unless amendment would be inequitable or futile, and it must do so whether or not the plaintiff seeks leave. *Phillips v. County of Allegheny*, 515 F.3d 224, 236, 245 (3d Cir. 2008). Futility means the plaintiff *cannot* plead the missing element. *Id.* at 243. Penn does not argue that Plaintiff cannot plead what it says is absent. And this Court has not yet assessed the sufficiency of any complaint in this action: it denied Penn's first motion as mooted by the forthcoming amendment. ECF 26.

**LEGAL STANDARD**

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Twombly*, the Supreme Court held that to satisfy Rule 8, a complaint must contain factual allegations that, taken as a whole, render the plaintiff's entitlement to relief plausible. 550 U.S. at 556, 569 n.14; *West Penn*, 627 F.3d at 98; *Phillips*, 515 F.3d at 234. That standard "does not impose a probability requirement at the pleading stage," but "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. *Phillips*, 515 F.3d at 234 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Rule 8 applies with the same rigor in all civil actions. *West Penn*, 627 F.3d at 98. A court's application of heightened scrutiny to a pleading is "squarely at odds with Supreme Court precedent." *Id.* (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 167-68 (1993) (rejecting a heightened pleading standard for civil rights claims), and *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002)).

**ARGUMENT**

**I. THE AMENDED COMPLAINT STATES CLAIMS UNDER TITLE VI AND SECTION 1981.**

**A. Plaintiff's claims rest on race.**

Penn devotes a footnote to the possibility that Plaintiff alleges discrimination on the basis of religion. Mot. at 3 n.1. He does not. Plaintiff is White. ¶¶ 5, 74. Title VI prohibits discrimination "on the ground of race, color, or national origin." 42 U.S.C. § 2000d. Section 1981 protects white persons as well as members of racial minorities. *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273 (1976); ¶ 80. Counts I and II require nothing further. Penn's discussion of religious affiliation addresses a theory Plaintiff does not press.

**B. Penn contests one element.**

Penn does not dispute that Plaintiff applied for admission to the full-time Wharton MBA program in the 2023-24 cycle (¶ 19), that he was qualified (¶ 23), that Penn denied his application on April 19, 2024 without an interview (¶ 24), or that Penn receives federal financial assistance extending to the Wharton School (¶¶ 27-28). The Motion contests only whether the Amended Complaint pleads facts from which intentional discrimination may be inferred.

**C. A similarly situated comparator is sufficient, not necessary.**

Penn asserts that a Title VI claimant "must allege different treatment from similarly situated individuals outside the protected class." Mot. at 2. The standard Penn quotes does not say that. It is disjunctive, permitting a comparator *or* facts establishing "a causal nexus between the harm suffered and the plaintiff's membership in a protected class." *L.L. v. Evesham Twp. Bd. of Educ.*, 710 F. App'x 545 (3d Cir. 2017). *L.L.* is not precedential. 3d Cir. I.O.P. 5.7. Its formulation is also framed in evidentiary terms — whether "additional evidence exists" from which "a reasonable juror could infer" discriminatory intent. That is the language of proof, not of pleading.

Were a comparator required, a plaintiff told outright by an admissions official that his race caused his rejection would nonetheless be obliged to identify a specific admitted applicant of another race. Penn's own authority forecloses that result.

In *Shropshire v. Wheeler*, the Court of Appeals agreed with the plaintiff that his burden was *not* to plead an overt discriminatory remark, observing that animus may be concealed behind pretextual justifications and that claimants may therefore rely on circumstantial allegations. 858 F. App'x 580 (3d Cir. 2021). And in *Tingley-Kelley v. Trustees of the University of Pennsylvania*, on which Penn relies, this Court held that comparative evidence was not required even at summary judgment, following *Back v. Hastings on Hudson Union Free School District*, 365 F.3d 107, 122 (2d Cir. 2004) (comparative evidence "was not a requirement to survive summary judgment"), and *Chadwick v. WellPoint Inc.*, 561 F.3d 38 (1st Cir. 2009). 677 F. Supp. 2d 764, 778 (E.D. Pa. 2010). If comparative evidence is not required at summary judgment, it is not required at the pleading stage.

**D. The absence of a procedural departure is consistent with Plaintiff's allegations.**

Penn faults Plaintiff for alleging "no departure from Wharton's ordinary admissions procedures in reviewing his application." Mot. at 4. The observation is accurate and beside the point. Evidence of procedural departure is probative because deviation from ordinary practice may suggest that a stated justification is pretextual. It presupposes that the ordinary practice is lawful. Plaintiff alleges the opposite — that Penn's admissions process itself considered race and sex, and did so as to every applicant in the 2023-24 cycle. ¶¶ 75-76, 95. A departure from that process would tend to undercut Plaintiff's allegations, not support them.

**E. Paragraph 25 alleges non-disclosure.**

Penn states that Plaintiff "expressly admits that he does not know" why his application was denied, and calls this the central defect of Counts I and II. Mot. at 5. The Amended Complaint alleges something different: that *Penn* has not disclosed the criteria applied to Plaintiff's application, the identity of the persons who evaluated it, or what information within it was before those persons. ¶ 25. That is an allegation about the availability of information, not a concession about the sufficiency of the pleading. The particulars of Penn's admissions practices are not ascertainable from any public source. ¶¶ 39, 45-46. Rule 8 asks for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element. *West Penn*, 627 F.3d at 98.

**F. The allegations must be assessed together.**

Penn addresses the Amended Complaint's allegations one at a time. It takes up the Common Data Set entry, then the June 2023 statement, then the application disclosure, then the demographic reporting, then the fellowship materials, and concludes as to each that the allegation standing alone does not establish discrimination. Mot. at 6-9. That is not the question Rule 8 poses. To satisfy Rule 8, a complaint must contain factual allegations that, *taken as a whole*, render the plaintiff's entitlement to relief plausible. *Twombly*, 550 U.S. at 556, 569 n.14; *West Penn*, 627 F.3d at 98. Applying that standard, the Court of Appeals asked whether the allegations there, "[v]iewed as a whole," plausibly suggested the conduct alleged. *West Penn*, 627 F.3d at 110.

Read together, the Amended Complaint alleges the following.

Penn's own published reporting for the 2022-23 academic year rated "Racial/ethnic status" as "Considered" in admission decisions. ¶ 31. On the day the Supreme Court decided Students for Fair Admissions, Penn's President and Provost stated that the decision "will require changes in

our admissions practices." ¶ 34. Penn has never publicly identified what those changes were, when any change took effect, which programs or offices any change applied to, or what criteria replaced those previously used, and it has published no post-decision admissions policy, procedure, guidance, or training material. ¶¶ 38-39. No standardized public disclosure describes the relative importance of any factor in Wharton MBA admission decisions. ¶¶ 45-46.

For the 2023-24 cycle in which Plaintiff applied, Penn removed from its graduate application disclosure the phrase "and to facilitate selection of a diverse student body" and the words "race and/or ethnicity." ¶ 48. Wharton's MBA Application Guide for that same cycle continued to list "Ethnicity (optional)" among the items collected. ¶ 51. The application required every applicant to state his or her sex. ¶ 53. It requested the name, country, city, education, employer, and position of the applicant's spouse or partner, and the names, educational institutions, and employment of the applicant's parents or guardians. ¶ 55. Every application is read by two people. ¶ 52. Penn has disclosed no procedure by which information bearing on an applicant's race or sex is withheld from those readers. ¶ 57. Commercially available tools can redact such information from application materials; upon information and belief, Penn employs none. ¶ 58.

Penn published demographic figures for the Wharton School, a spokesperson then identified methodological inconsistencies rendering year-over-year comparison inaccurate, Wharton did not publish recalculated figures, it declined to provide corrected figures when asked, and it thereafter reported through a less granular University-wide profile. ¶¶ 40-44. Penn has not stated what the corrected figures were. ¶ 44.

Penn addresses each of these separately and none of them together. That approach would defeat most circumstantial pleadings, because circumstantial allegations are individually innocuous by definition. The question Rule 8 poses is what they show in combination.

Two of Penn's responses warrant specific mention. Penn argues that the ability to infer an applicant's race does not establish its use, citing *SFFA*, 600 U.S. at 230-31. Mot. at 8. That passage concerns an applicant's own discussion of his background in an essay. It does not address an institution's decision to require disclosure of a protected characteristic as a condition of applying, or its decision not to withhold that disclosure from the persons who evaluate the application. Penn does not address ¶¶ 57 or 58.

Penn also describes the Howard E. Mitchell Fellowship materials as appearing on a "corporate and recruiter website." Mot. at 9. The Amended Complaint alleges that the page links to a document published by Wharton and hosted on Wharton's own domain, stating that the awards carry a preference for underrepresented groups identified as African Americans, American Indians, Hispanics and women. ¶ 61. Penn's Motion does not address ¶ 61.

The historical allegations at ¶¶ 8-18 provide context for why discretionary admissions criteria resist external verification. Plaintiff's claims do not rest on them.

**G. The decisions Penn relies upon are distinguishable.**

Penn states that Plaintiff's case "is exactly like *Albright*." Mot. at 5. *Albright v. University of Cincinnati*, No. 1:26-cv-344 (S.D. Ohio July 22, 2026), is a decision of a district court in another circuit. By Penn's own description, the plaintiff there alleged only that he belonged to a protected class, that the university knew it, and that the university denied him admission. The allegations

concerned that plaintiff's own interactions with the admissions office. The Amended Complaint here alleges Penn's published reporting of its consideration of race (¶ 31), its statement that the Supreme Court's decision required changes to its practices (¶ 34), its failure to describe any change (¶¶ 38-39), and its continued collection of information bearing on race and sex in the cycle in which Plaintiff applied (¶¶ 48, 51, 53).

Penn relies on *Shropshire* for the proposition that a district court is not required to allow discovery. Mot. at 3, 6. *Shropshire* is not precedential. 3d Cir. I.O.P. 5.7. It also states the standard that governs: pleading a plausible claim means alleging facts that lead to a reasonable expectation that discovery would reveal evidence of discrimination, citing *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). Accord *West Penn*, 627 F.3d at 98.

### H. Rule 8 does not require exhibits.

Penn suggests that Plaintiff should have attached his application to the Amended Complaint. Mot. at 4 n.2. Rule 8 requires a short and plain statement of the claim; it does not require exhibits. *Schmidt v. Skolas*, 770 F.3d 241 (3d Cir. 2014), addresses what materials a court may consider on a motion to dismiss, not what a plaintiff must attach to a pleading. Plaintiff's claims do not turn on the contents of his application. They turn on how Penn evaluated it. Penn does not identify what the application would show or why its absence bears on the sufficiency of the Amended Complaint.

## II. THE AMENDED COMPLAINT STATES A CLAIM UNDER TITLE IX.

### A. Count III rests on sex.

Plaintiff is male. ¶ 90. Count III concerns Penn's requirement that every applicant state his or her sex and its selection, from among applicants to the MBA program, of recipients of an award available to women. ¶¶ 53, 91-93. Penn's discussion of sexual orientation, Mot. at 10 n.3, addresses a question Penn has assumed in Plaintiff's favor for purposes of this Motion and which Count III does not require this Court to reach.

**B. Section 106.21 permits collection only on conditions.**

Penn relies on 34 C.F.R. § 106.21. Mot. at 11. That regulation permits an institution to ask an applicant to self-identify sex "only if this question is asked of all applicants and if the response is not used as a basis for discrimination prohibited by this part." The permission is conditional, and the condition is what the Amended Complaint alleges Penn violated.

The Amended Complaint does not allege collection alone. It alleges that the sex field was required, denoted by an asterisk. ¶ 91. It alleges that each application is read by two people, ¶ 52, and that Penn has disclosed no procedure withholding that information from them, ¶ 57. And it alleges that during the 2023-24 cycle Wharton itself identified and selected Forté Fellows — recipients of an award available to women — from among applicants to its MBA program, ¶ 92, and that the application contained no Forté-specific item, essay, or indication of interest, so that candidates were identified from information contained in the general application for admission, which required every applicant to state sex, ¶ 93.

That is an allegation of use, not merely of collection.

**C. Penn's remaining Title IX arguments.**

Penn observes that Plaintiff does not allege at what stage Forté Fellows were identified or whether the persons who selected them also evaluated applications for admission. Mot. at 12 (citing ¶ 94). Plaintiff alleges that this information is within Penn's exclusive possession and control and is not ascertainable from any public source. ¶ 94. Whether the Forté determination preceded the admission decision is precisely the kind of fact a reasonable expectation of discovery would resolve. *West Penn*, 627 F.3d at 98.

Penn cites *Tingley-Kelley* as a contrast. Mot. at 12. That case was decided on summary judgment following discovery, under Rule 56. 677 F. Supp. 2d at 768, 774. It does not address the sufficiency of a pleading. As set out above, it confirms that comparative evidence is not required. *Id.* at 778.

## III. DISMISSAL WITH PREJUDICE WOULD BE IMPROPER.

Penn devotes a single paragraph to its request that dismissal be with prejudice and without leave to amend. Mot. at 14. The authority Penn cites establishes the opposite.

In *Phillips v. County of Allegheny*, the Court of Appeals held that if a complaint is vulnerable to dismissal under Rule 12(b)(6), a district court must permit a curative amendment unless an amendment would be inequitable or futile. 515 F.3d 224, 236 (3d Cir. 2008) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)). The obligation does not depend on a request: "It does not matter whether or not a plaintiff seeks leave to amend." *Id.* A district court "must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend." *Id.* at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)).

*Phillips* reversed a dismissal with prejudice on precisely this ground. The district court there dismissed civil rights claims with prejudice after briefing, and its opinion "contained neither a

finding that a curative amendment would be inequitable or futile, nor a finding that Phillips had failed to file a timely amended pleading or had filed notice of her intention to stand on the complaint." *Id.* at 246. That omission required reversal.

*Phillips* also shows what a futility finding requires. The Court of Appeals did find amendment futile as to certain defendants — but only because it concluded the plaintiff *cannot* plead the missing element as to them. *Id.* at 243. The question is not whether a plaintiff has pleaded a fact. It is whether he cannot.

Penn does not make that showing or attempt it. Penn identifies what it says is absent: a statement by an admissions official, a similarly situated comparator, an admissions policy, and a departure from ordinary procedure. Mot. at 4. Each is a fact capable of being pleaded. Penn does not contend that no such fact exists or could be alleged. It argues instead that Plaintiff "has already had the opportunity to substantially revise his allegations." Mot. at 14. A prior amendment is not a finding of futility.

Nor has Plaintiff yet had the opportunity Phillips contemplates. This Court has not assessed the sufficiency of any complaint in this action. It denied Penn's first motion as "mooted by the forthcoming amended Complaint." ECF 26. Plaintiff's amendment therefore responded to an adversary's brief, not to a determination by this Court identifying what the pleading lacked.

Should the Court conclude that the Amended Complaint fails to state a claim, Plaintiff respectfully requests leave to amend.

## IV. PENN'S STANDING ARGUMENT REACHES ONLY THE EQUITABLE RELIEF.

Penn's standing argument is directed only at Plaintiff's requests for declaratory and injunctive relief. Mot. at 14-15. It does not reach Plaintiff's claims for compensatory and nominal damages, which redress a completed injury. ¶ 78.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss the First Amended Complaint. In the alternative, should the Court conclude that the Amended Complaint fails to state a claim, Plaintiff respectfully requests leave to amend.

Dated: September 28, 2026

Respectfully submitted,

/s/ John Doe
John Doe, Plaintiff pro se
PO Box 151133
Los Angeles, CA 90015
johndoediscriminationsuit@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2026, I caused a true and correct copy of the foregoing Memorandum of Law in Opposition, together with the attached proposed Order, to be served upon counsel of record for Defendant by electronic mail, addressed as follows: James A. Keller, Esq. (James.Keller@saul.com) and Jesse L. Krohn, Esq. (Jesse.Krohn@saul.com), Saul Ewing LLP, 1735 Market Street, Suite 3400, Philadelphia, PA 19103, counsel for Defendant The Trustees of the University of Pennsylvania.

/s/ John Doe
John Doe, Plaintiff pro se