**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN DOE** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 26-2472** |
| | : | |
| **THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA** | : | |

# ORDER

**AND NOW**, this 30th day of September 2026, upon considering Defendant's Motion to dismiss (ECF 28), Plaintiff's pro se Opposition (ECF 29), having studied Plaintiff's second attempt at pleading pro se allegations to evaluate whether he now pleads facts allowing us to infer a plausible claim the Defendant's denial of his application to graduate school violates federal law based upon his Caucasian race and sex, and finding Plaintiff pleads no facts which allow us to plausibly infer Defendant denied his application based upon his race or denied his admission under Title IX because he disclosed his sex, it is **ORDERED** Defendant's Motion (ECF 28) is **GRANTED in part** requiring we dismiss the three claims without prejudice for Plaintiff to, on or before **October 15, 2026,** plead specific facts allowing us to plausibly infer Defendant's denial of admission to its graduate school is based upon his race or sex without reliance on conclusory and speculative references including the history with other universities before the relevant admissions cycle, or permitted inquiries and relationships with student groups.[1]

**KEARNEY, J.**

[1] Our Court of Appeals requires we construe a pro se litigant's pleadings "liberally" and "hold [her] to 'less stringent standards than formal pleadings drafted by lawyers.'" *Freeman v. Lincalis*, 158 F.4th 166, 175 (3d Cir. 2025) (quoting *Kalu v. Spaulding*, 113 F.4th 311, 325 (3d

Cir. 2024)). We "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)). But "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). They "must still ultimately 'abide by the same rules that apply to all other litigants.'" *Freeman*, 158 F.4th at 175 (quoting *Mala*, 704 F.3d at 245).

***Mr. Doe does not plead facts allowing us to plausibly infer a claim for race discrimination.***

Mr. Doe alleges Penn discriminated against him on the basis of his race. Penn moves to dismiss arguing Mr. Doe does not plead facts connecting his rejection to racial discrimination. ECF 28 at 9–16. Penn argues *Katchur v. Thomas Jefferson Univ.* is instructive because it is the opposite of the facts Mr. Doe alleges. 354 F. Supp. 3d 655 (E.D. Pa. 2019); ECF 28 at 12 (using the pagination assigned by the CM/ECF docketing system). Penn argues we should be guided by the analysis in *Albright v. Univ. of Cincinnati* because Mr. Doe pleaded no facts to suggest the connection between his race and his admissions result. No. 26-344, 2026 WL 2110547 (S.D. Ohio July 22, 2026); ECF 28 at 12–13. Mr. Doe counters characterizing *Albright* as unpersuasive because it is a case from another circuit and not addressing *Katchur*. ECF 29 at 7–8. We agree with Penn.

Congress through Title VI of the Civil Rights Act of 1964 prevents discrimination on the basis of race, color, or national origin for a program receiving Federal financial assistance. 42 U.S.C § 2000(d). Mr. Doe must plead facts allowing us to plausibly infer: (1) racial or national origin discrimination; and (2) the entity engaging in discrimination is receiving federal financial assistance. *Ke v. Drexel Univ.,* No. 11-6708, 2015 WL 5316492, at *12 (E.D. Pa. Sept. 4, 2015), *aff'd sub nom. Lei Ke v. Drexel Univ.*, 645 F. App'x 161 (3d Cir. 2016) (internal citations omitted). Mr. Doe may plead either direct or circumstantial evidence of discrimination. *Katchur*, 354 F. Supp. 3d at 665.

Congress similarly prevents race discrimination in the making, performance, modification, and enforcement of contracts. 42 U.S.C. § 1981. Mr. Doe must plead (i) membership in a racial minority group; (ii) intentional racial discrimination; and (iii) discrimination concerning one or more of the activities protected in section 1981 to state a racial discrimination claim under section 1981 of the Act. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001); *Castleberry v. STI Grp.*, 863 F.3d 259, 266 (3d Cir. 2017). Congress through section 1981 reaches only purposeful discrimination. *Rightmyer v. Philly Pregnancy Ctr., P.C.*, No. 23-1925, 2024 WL 896571, at *5 (E.D. Pa. Mar. 1, 2024). A party asserting a claim under section 1981 must plead race served as the but-for cause of the loss of a protected contractual right. *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020).

In *Katchur*, defendant denied plaintiff's application to defendant's medical school. 354 F. Supp. 3d at 558–60. Plaintiff interviewed with defendant for a position at the school and faced several questions and comments regarding her race. *Id.* at 559. Plaintiff identified as a Caucasian woman but defendant told plaintiff to obtain genetic testing to see if she is African American because African American ancestry would gain her admission into the school. *Id.* Judge Baylson held the alleged statements made by the defendant in the interview supported a plausible inference of race discrimination. *Id.* at 668. We are addressing significantly different facts as presently pleaded.

In *Albright*, a university's graduate program denied plaintiff's admission. 2026 WL 2110547, at *1. Plaintiff alleged he spoke to a senior graduate admissions counselor at the university telling him he was an African American male interested in serving under privileged communities. *Id.* at *2. Plaintiff alleged the university could not locate his application in their system despite the admissions portal showing he submitted his application and marked complete. *Id.* at *1. The university encouraged plaintiff to apply to another program in their denial letter. *Id.* Judge Dlott held plaintiff does not allege facts to plausibly infer the university denied him because of his race. *Id.* at *4.

We face similar facts as Judge Dlott. Mr. Doe admitted he does not know "the criteria applied to [his] application…" ECF 28 at ¶ 25. Mr. Doe's pleaded facts are insufficient to allow us to plausibly infer Penn discriminated against him because of his race. We dismiss Mr. Doe's claims against Penn under theories of racial discrimination with leave to amend (mindful he is proceeding pro se and this Order offers him his first guidance) if he can plead specific facts allowing us to plausibly infer race discrimination.

***Mr. Doe does not plead facts allowing us to plausibly infer a claim for sex discrimination.***

Mr. Doe alleges Penn discriminated against him because of his sex. Penn moves to dismiss arguing Mr. Doe does not plead facts connecting his rejection to sex discrimination. ECF 28 at 16–21. Penn also argues the fact its application requires applicants to state their sex does not itself support any inference of unlawful conduct under 34 C.F.R. section 106.21. Mr. Doe counters Penn's requirement for all applicants to state their sex on its application violates Title IX of the Education Amendments of 1972. ECF 29 at 9. Mr. Doe alleges collecting an applicant's sex is not the problem but rather the issue is Penn's use of an applicant's sex. ECF 29 at 9. We agree with Penn.

Congress prohibits recipients of federal education funding from subjecting a person to discrimination on the basis of sex. 20 U.S.C. § 1681(a). Mr. Doe must allege facts allowing us to plausibly infer a "federally-funded college or university discriminated against a person on the basis of sex." *Doe v. Univ. of Scis.*, 961 F.3d 203, 209 (3d Cir. 2020).

The Department of Education under 34 C.F.R. section 106.21 requires "[n]o person shall, on the basis of sex, be denied admission, or be subjected to discrimination in admission, by any recipient to which this subpart applies[.]" The Department clarifies universities may ask about an applicant's sex during the admissions process only if the question is asked equally to applicants of both sexes and the information is not used for discriminatory purposes. 34 C.F.R. § 106.21(c)(iii).

Mr. Doe does not plead facts allowing us to plausibly infer Penn discriminated against him because of his sex. Mr. Doe alleged he is male. ECF 28 ¶¶ 5, 90. Mr. Doe does not address the authority argued by Penn nor does he cite authority to support his claims. We dismiss Mr. Doe's claims against Penn under theories of sex discrimination with leave to amend if he can plead specific facts allowing us to plausibly infer sex discrimination.